**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Darryl Wayne Moran, Appellant.

Appellate Case No. 2014-002331

Appeal From Marion County
D. Craig Brown, Circuit Court Judge

Unpublished Opinion No. 2016-UP-406
Heard June 8, 2016 – Filed August 24, 2016

**AFFIRMED**

John S. Nichols, of Bluestein Nichols Thompson & Delgado, LLC, of Columbia for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Susannah Rawl Cole, both of Columbia, and Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.

**PER CURIAM:** Darryl Wayne Moran appeals his conviction of conspiracy for solicitation to commit murder, arguing (1) the trial court erred in denying his

motion for a directed verdict and motion for a new trial based on lack of evidence, and (2) Wharton's Rule[1] precludes the conspiracy conviction.  We affirm.

In 2011, Moran was indicted for conspiracy for solicitation to commit murder and solicitation to commit the murder of Randy Parrott, the boyfriend of his ex-wife.  In August 2014, Moran was tried with codefendant James Earl Herring Jr., who was also indicted for solicitation to commit the murder of Parrott.  The jury found Moran and Herring not guilty on the charge of solicitation but found Moran guilty of conspiracy for solicitation to commit murder.  The trial court sentenced Moran to five years' imprisonment suspended upon two years' imprisonment and three years' probation.

As to Moran's argument the trial court erred in denying his motion for a directed verdict and subsequent motion for a new trial on the ground the State presented no evidence Moran had conspired with another person to solicit someone to murder Parrott, we find the trial court did not err in finding the State presented substantial circumstantial evidence reasonably tending to prove Moran's guilt.  *See State v. Lollis*, 343 S.C. 580, 583, 541 S.E.2d 254, 256 (2001) ("On appeal from the denial of a directed verdict, this [c]ourt must view the evidence in the light most favorable to the State."); *State v. Odems*, 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011) ("[I]f there is any direct or *substantial* circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury." (emphasis in original)); S.C. Code Ann. § 16-17-410 (2015) ("The common law crime known as 'conspiracy' is defined as a combination between two or more persons for the purpose of accomplishing an unlawful object or lawful object by unlawful means.").  At trial, James Carlyle Rabon Jr. testified to conversations he overheard or to which he was a party while living in Moran's home with his younger brother and Herring.  Specifically, James stated he

---

[1] Under Wharton's Rule,

> Where co-operation or concert between two or more persons is essential to the commission of a substantive crime, and there is no ingredient of an alleged conspiracy that is not present in the substantive crime, the persons necessarily involved cannot be charged with conspiracy to commit the substantive offense and also with the substantive crime itself.

16 Am. Jur. 2d *Conspiracy* § 6 (2009).

overheard a conversation between Moran and Herring in which Moran asked questions such as: "Will he do it? How much would it cost? Will he do it for $2,000?"  James also testified Moran asked him if he knew where he could get a silencer and if he knew anyone who "would f*** [Parrott] up?"  James recalled Moran discussed the plot to murder Parrott, stating:

> [t]he plan was somebody was going to hide at the end of [Parrott's] driveway, throw a large object in the driveway. Somebody would be hiding in the woods.  When [Parrott] stopped and exited his vehicle to get to whatever was blocking the driveway, somebody was going to jump out and shoot him dead.

Moreover, Keith Douglas Caulder, a friend of Herring's, testified Herring approached him with an offer to split $3,000 for killing a man who lived in Florence—where Parrott lived.[2]  Caulder recalled Herring "went into detail about somebody had offered him money to kill somebody" and explained he and Herring

> were supposed to meet the guy [who had offered money to have someone killed] the next morning[,] and the guy was going to give [Herring] the money[,] and we were supposed to go to the house and kill someone and then break in[to] the house and make it look like a robbery, if I'm not mistaken.

Considering James's recollection of the discussion between Moran and Herring regarding whether an individual would "do it for $2,000," Moran's need for a silencer, Moran's description of the plan to murder Parrott, Moran's knowledge and surveillance of Parrott's property, with Caulder's testimony for added context, we find the State presented sufficient substantial circumstantial evidence such that the trial court did not err in denying Moran's motion for a directed verdict.

As to Moran's argument Wharton's Rule precluded his conspiracy conviction, we find this issue was not preserved because Moran first raised this issue in his post trial motion and it was not ruled on by the trial court. *See State v. Wise*, 359 S.C. 14, 21, 596 S.E.2d 475, 478 (2004) ("In criminal cases, the appellate court sits only

---

[2] James testified Moran knew where Parrott lived because he had surveilled Parrott's home.

to review errors of law which have been properly preserved, i.e., the issue has been raised to and ruled on by the trial court.").

**AFFIRMED.**

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**